**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| DELAINE JAMIE BALDWIN, | : | PRISONER CASE |
| Plaintiff, | : | NO. 3:12-cv-243 (JCH) |
| | : | |
| v. | : | |
| | : | |
| LEO ARNONE et al., | : | JUNE 19, 2012 |
| Defendants. | : | |

**RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. No. 15)**

The plaintiff, currently incarcerated at the Cheshire Correctional Institution in

Cheshire, Connecticut, has filed a complaint pro se under section 1983 of Title 42 of the

United States Code.  He alleges that the defendants, Commissioner Leo Arnone,

Warden Brighthaupt, Captain Danya Baker, Lieutenant Hogan, Correctional Officer

Johnson, Hearing Officer Harpin, Correctional Officer Reginald Cummings and South

District Administrator Angel Quiros, denied his right to due process and discriminated

against him on the basis of his race and religion.

The defendants move to dismiss all claims for damages against them in their

official capacities for lack of subject matter jurisdiction.  They also move to dismiss the

claims against defendants Arnone and Quiros for lack of personal involvement.  For the

reasons that follow, the defendants' Motion is granted in part.

**I.     STANDARD OF REVIEW**

Determining the existence of subject matter jurisdiction is a threshold inquiry.  A

claim is properly dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure

for lack of subject matter jurisdiction where the district court lacks the statutory or

constitutional power to adjudicate the claim.  Arar v. Ashcroft, 532 F.3d 157, 168 (2d

Cir. 2008).  The plaintiff bears the burden of proving by a preponderance of the evidence the existence of subject matter jurisdiction.  Markarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In determining whether jurisdiction exists, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint in plaintiff's favor.  The court also may consider evidence outside the pleadings.  Arar, 532 F.3d at 168.

When considering a motion to dismiss under Rule 12(b)(6), however, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); King v. Am. Airlines, 284 F.3d 352, 356 (2d Cir. 2002).  The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Ass'n of Bar of City of N.Y., 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

## II.   FACTUAL BACKGROUND

On November 6, 2011, defendants Cummings and Johnson conducted a search of the plaintiff's cell.  They found a cup belonging to the plaintiff that they claimed contained "pruno," a prohibited fermented juice.  The plaintiff stated that the substance in the cup was juice from the dining hall that he was using in religious services.  He said that he had been keeping juice in his cell for sixty-one days.  The plaintiff was charged with a disciplinary violation for possession of contraband.  Although the correctional

2

officers had observed his cellmate's "stinger," a contraband item used to heat water, the plaintiff's cellmate did not receive a disciplinary report.

On November 11, 2011, defendant Johnson tried to persuade the plaintiff to plead guilty to the disciplinary charge.  The plaintiff declined.  The plaintiff represented himself at the disciplinary hearing.  He was not allowed to present witnesses, but did read a statement from his cellmate.  Correctional staff refused to test the juice for evidence of fermentation.  The plaintiff was found guilty of the charge.  The plaintiff does not indicate the precise sanctions imposed, but states that he was sent to segregation and lost good time credits.

## III.  DISCUSSION

A.    Damages Claims Against the Defendants in Their Official Capacities

The defendants first argue that the court lacks subject matter jurisdiction to entertain a claim for damages against them in their official capacities.  The Eleventh Amendment divests this court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").  Section 1983 does not abrogate states' sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 343 (1979).  Further, the plaintiff presents no evidence suggesting that Connecticut has consented to suit in federal court for damages against state officials in their official capacities and the court is aware of none. Thus, the Eleventh Amendment precludes any claim for monetary damages against the

3

defendants in their official capacities.  The defendants' Motion to Dismiss is granted as to these claims.

      B.    <u>Personal Involvement of Defendants Arnone and Quiros</u>

      The defendants next contend that the plaintiff fails to allege sufficient facts to demonstrate the personal involvement of defendants Arnone and Quiros.

      Defendants Arnone and Quiros are supervisory officials.  Because the doctrine of <u>respondeat superior</u> is inapplicable in section 1983 cases, <u>see</u> <u>Blyden v. Mancusi</u>, 186 F.3d 252, 264 (2d Cir. 1999), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  For many years it has been well settled in this Circuit that there were five ways to demonstrate the personal involvement of a supervisory defendant:[1]  (1) the defendant directly participated in the alleged constitutional violation, (2) after he was informed of the violation through a report or appeal, the supervisory defendant failed to remedy the wrong, (3) the supervisory defendant created a policy or custom pursuant to which the constitutional violation occurred or permitted such a policy or custom to continue, (4) the defendant was grossly negligent in supervising the subordinates who committed the wrongful acts, or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act on information that unconstitutional acts were occurring.  <u>See</u> <u>Colon v. Coughlin</u>, 58 F.3d

---

[1] The decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), caused many courts to question this position.  In <u>Iqbal</u>, the Supreme Court rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution," concluding that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  556 U.S. at 677.  Although some courts within this Circuit have determined that not all five of <u>Colon's</u> categories of conduct that may give rise to supervisory liability remain viable, the Second Circuit has not yet addressed this issue, and the defendants do not urge to court to depart from <u>Colon</u> in their Motion.

865, 873 (2d Cir. 1995).  In addition, the plaintiff must demonstrate an affirmative causal link between the supervisory official's failure to act and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

The plaintiff's Complaint includes no allegations regarding defendants Arnone or Quiros.  The only mention of defendant Quiros is in the case caption.  The only reference to defendant Arnone is a statement that, as the Commissioner of Correction, he is responsible for the overall operations of the Department of Correction. Respondeat superior is not sufficient to state a claim against a supervisory official. Thus, the plaintiff fails to allege any facts demonstrating the personal involvement of either defendant.

In opposition to the Motion to Dismiss, the plaintiff attempts to rectify his failure to allege any facts regarding defendants Arnone and Quiros.  The plaintiff cannot, however, amend his Complaint through a memorandum.  See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir.1998) (declining to address merits of claim that "does not appear anywhere in the amended complaint and did not enter the case until [the plaintiff] mentioned it for the first time in her opposition memoranda to the motion to dismiss").  Because, however, the plaintiff will undoubtedly seek to properly amend his Complaint should the court grant the defendants' Motion, the court considers whether amendment to include the allegations contained in the memorandum is warranted.

The plaintiff argues that he wrote letters informing defendant Arnone of his issues.  The receipt of a letter of complaint or an inmate grievance is insufficient to establish personal involvement of supervisory officials.  See Manley v. Mazzuca, No.

5

01CV5178(KMK), 2007 WL 162476, at *10 (S.D.N.Y. Jan. 19, 2007) (affirming denial of grievance insufficient to establish personal involvement of prison official); Cox v. Colgane, No. 94 Civ. 6361(DAB), 1998 WL 148424, at *9 (S.D.N.Y. Mar. 27, 1998) (ignoring prisoner's letter of complaint and request for investigation insufficient to establish liability).  Here, although the plaintiff wrote letters to defendant Arnone, the letters were forwarded to Deputy Commissioner Dzurenda, who is not a defendant in this case, for response.  *See* Pl.'s Mem., Doc. No. 17, at 7.  The plaintiff makes no plausible allegation that defendant Arnone even read his letters.  Regardless, the routine reference of matters to subordinates cannot support the personal involvement of defendant Arnone.  Thus, amendment of the Complaint to include the new allegations against defendant Arnone would be futile.  The defendants' Motion to Dismiss is granted as to defendant Arnone.

The plaintiff alleges that defendant Quiros affirmed the disciplinary finding.  He attaches evidence documenting this fact to his memorandum.  The Second Circuit distinguishes between affirming the denial of a grievance and affirming a disciplinary finding.  The Second Circuit has allowed a due process claim to proceed against a prison official based on the allegation that the official "affirmed [plaintiff's disciplinary] conviction on administrative appeal."  Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986); see also Wright v. Smith, 21 F.3d 496, 502 (2d Cir. 1994) (citing Williams and declining to dismiss for lack of personal involvement claim against supervisory official who failed to take action after being informed of due process violations through disciplinary appeal).  The courts within the Circuit have split on whether affirming a

6

disciplinary finding is sufficient to impose liability under the second <u>Colon</u> factor.  <u>See</u> <u>Thomas v. Calero</u>, 824 F. Supp. 2d 488, 509-09 (S.D.N.Y. 2011) (summarizing cases).

As it is possible that the plaintiff could establish the involvement of defendant Quiros, the court will permit the plaintiff to amend his Complaint to include specific allegations against defendant Quiros and attach to his amended complaint the exhibits he attaches to his Memorandum.  The defendants' Motion to Dismiss is denied as to defendant Quiros on the condition that the plaintiff files such an amended complaint.

## IV.   CONCLUSION

The defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED** in part.  All claims against the defendants in their official capacities for monetary damages and all claims against defendant Arnone are dismissed.  The case will proceed against the remaining defendants.

The plaintiff is directed to file an amended complaint including the claims in the original Complaint and his allegations demonstrating the personal involvement of defendant Quiros.  The plaintiff shall not include any new claims or defendants in this amended complaint.  The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this Order.  The Clerk is directed to send the plaintiff an amended complaint form with this Order.

**SO ORDERED** this 20th day of June 2012, at Bridgeport, Connecticut.


_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

7