UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DELAINE JAMIE BALDWIN,  :  Plaintiff,  : | |
| : | CIVIL ACTION NO. |
| v.  : | 3:12-cv-243 (JCH) |
| : | |
| LEO ARNONE, et al.,  : | MARCH 26, 2013 |
| Defendants.  : | |

RULING ON MOTIONS TO ALTER OR AMEND JUDGMENT
AND FOR EXTENSION OF TIME [Docs. No. 64, 61]

On February 19, 2013, the court granted the defendants' Motion for Summary Judgment. The plaintiff now moves to alter or amend that judgment. He contends that he was not able to obtain affidavits or declarations from other inmates to support his claims and seeks an extension of time to do so. For the reasons that follow, the plaintiff's Motions are denied.

A motion to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e), permits a litigant to seek reconsideration of an unfavorable result. To prevail, the movant must show that the court overlooked controlling decisions or factual matters that were presented to the court and, if considered, might reasonably have altered the result. See Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). See also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d. Cir. 1997) (holding that Rule 59(e) standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"). A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved

or to address facts, issues, or arguments not previously presented to the court.  See U.S. ex rel. Drake v. Norden Systems, Inc., No. 3:94cv963(EBB), 2003 WL 23319386, at *1 (D. Conn. Jun. 17, 2003)(citations omitted).  Instead, Rule 59(e) affords the court "an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." Id. (citation omitted).

The court granted the defendants' motion for summary judgment primarily on procedural grounds.  The court concluded that the plaintiff failed to exhaust his administrative remedies on all claims except for the due process claims regarding the disciplinary hearing.  The court concluded that any due process claim involving the loss of earned good time credit was not cognizable because the plaintiff had not shown that he successfully challenged the disciplinary finding by filing a petition for writ of habeas corpus in state court.  Finally, the court determined that, even if the plaintiff waived any claims relating to the loss of earned good time credit and proceeded only with regard to the other sanctions imposed, summary judgment was appropriate because the remaining sanctions did not constitute the atypical and significant hardship required as a matter of law to support a due process claim.  See Doc. No. 59.

The court noted in its Ruling that the plaintiff claimed he was unable to obtain affidavits from inmate witnesses.  Both in opposition to the defendants' Motion for Summary Judgment and in support of this Motion, the plaintiff indicates that the witness statements would support the merits of his underlying claims.  Rule 56(d), of Federal Rules of Civil Procedure, applies only where the party opposing a motion for summary judgment "cannot present facts essential to justify its opposition."  As the court did not

reach the merits of the underlying claims, the lack of affidavits or declarations supporting those claims did not prevent the plaintiff from responding to the defendants' Motion for Summary Judgment.  Rule 56(d) is not applicable and the plaintiff's Motion to Alter or Amend Judgment is denied.  As the motion is denied, the additional time to obtain the affidavits or declarations is not warranted.

In conclusion, the plaintiff's Motion to Alter or Amend Judgment [**Doc. No. 64**] and his Motion for Extension of Time [**Doc. No. 61**] are **DENIED**.

**SO ORDERED.**

Dated this 26th day of March 2013, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge